**HONG YANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–73130.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 22, 2010.

Maria Christina Flores, Law Office of Maria Flores, San Gabriel, CA, for Petitioner.

Aviva Poczter, Senior Litigation Counsel, Mary Jane Candaux, Assistant Director, Aimee J. Frederickson, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Hong Yang, native and citizen of China, petitions for review of a Board of Immi-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and de novo due process claims, *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Yang did not establish a well-founded fear of future persecution because Yang did not demonstrate the Chinese authorities have any continuing interest in pursuing her, *see Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003) (record evidence did not show petitioner had objectively reasonable basis for future fear), and because Yang's husband continues to reside in China without harm, *see Artta v. INS,* 80 F.3d 1389, 1395 (9th Cir.1996) (petitioner's similarly situated relatives had not been harmed).

We reject Yang's due process contention that the IJ was biased, because she has not demonstrated any bias or that the proceedings were fundamentally unfair. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 620–21 (9th Cir.2006) (petitioner must show proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case" and that he was prejudiced) (internal citation and quotation omitted).

**PETITION FOR REVIEW DENIED.**